FILED

JUL 14 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

1  PHILLIP A. TALBERT
   United States Attorney
2  MICHELE BECKWITH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,            CASE NO. 2:14-CR-0226 GEB

12                 Plaintiff,           PLEA AGREEMENT

13          v.

14 GEORGE HRISTOVSKI,

15                 Defendant.

16

17          I.    **INTRODUCTION**

18     A.    **Scope of Agreement.**

19        The indictment in this case charges the defendant with one count of Attempted Production of

20 Child Pornography in violation of 18 U.S.C. § 2251(a) and (e), and one count of Attempted Enticement

21 of a Minor in violation of 18 U.S.C. § 2422(b). This document contains the complete plea agreement

22 between the United States Attorney's Office for the Eastern District of California (the "government")

23 and the defendant regarding this case. This plea agreement is limited to the United States Attorney's

24 Office for the Eastern District of California and cannot bind any other federal, state, or local

25 prosecuting, administrative, or regulatory authorities.

26     B.    **Rule 11(c)(1)(C) Specific Sentence Agreement.**

27        The government and the defendant agree that a specific sentence, set forth below in paragraph

28 VI.C., would be appropriate in this case, as it reflects the applicable Sentencing Guideline.

PLEA AGREEMENT                          1

1  Consequently, this plea agreement is being offered to the Court pursuant to Rule 11(c)(1)(C) of the

2  Federal Rules of Criminal Procedure.

3       Under the provisions of Rule 11(c)(3), the Court may accept or reject the plea agreement, or may

4  defer its decision as to the acceptance or rejection until there has been an opportunity to consider the

5  presentence report. If the Court accepts the plea agreement, the Court will inform the defendant that it

6  will embody in the judgment and sentence the disposition provided for in this plea agreement. If the

7  Court rejects this plea agreement, the Court shall so advise the defendant, allow the defendant the

8  opportunity to withdraw his plea, and advise him that if he persists in a guilty plea the disposition of the

9  case may be less favorable to him than is contemplated by this plea agreement.

10                    **II.**      **DEFENDANT'S OBLIGATIONS**

11      **A.**    **Guilty Plea.**

12       The defendant will plead guilty to count two of the indictment, which charges a violation of 18

13  U.S.C. § 2422(b), Attempted Enticement of a Minor. The defendant agrees that he is in fact guilty of

14  this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are

15  accurate.

16       The defendant agrees that this plea agreement will be filed with the Court and become a part of

17  the record of the case. The defendant agrees that the statements made by him in signing this Agreement,

18  including the factual admissions set forth in the factual basis, shall be admissible and useable against the

19  defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant

20  fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R.

21  Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or

22  with this Agreement generally.

23      **B.**    **Fine.**

24       The parties agree that no fine is appropriate in this case.

25      **C.**    **Special Assessment.**

26       The defendant agrees to pay a special assessment of $100 by delivering a check or money order

27  payable to the United States District Court to the United States Probation Office. If the defendant is

28  unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the

PLEA AGREEMENT                2

1 │ assessment, if necessary by participating in the Inmate Financial Responsibility Program.

2 │     **D.**    **Violation of Plea Agreement by Defendant/Withdrawal of Plea.**

3 │     If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw
4 │ his plea (other than as provided under Rule 11(c)(5)(B)), this plea agreement is voidable at the option of
5 │ the government. If the government elects not to void the agreement based on the defendant's violation,
6 │ the government will no longer be bound by its representations to the defendant concerning the limits on
7 │ criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by
8 │ committing any crime or providing or procuring any statement or testimony which is knowingly false,
9 │ misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in
10 │ any post-plea conduct constituting obstruction of justice.

11 │     The government also shall have the right (1) to prosecute the defendant on any of the counts to
12 │ which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea
13 │ agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The
14 │ defendant shall thereafter be subject to prosecution for any federal criminal violation of which the
15 │ government has knowledge. The decision to pursue any or all of these options is solely in the discretion
16 │ of the United States Attorney's Office.

17 │     By signing this plea agreement, the defendant agrees to waive any objections, motions, and
18 │ defenses that the defendant might have to the government's decision. Any prosecutions that are not
19 │ time-barred by the applicable statute of limitations as of the date of this plea agreement may be
20 │ commenced in accordance with this paragraph, notwithstanding the expiration of the statute of
21 │ limitations between the signing of this plea agreement and the commencement of any such prosecutions.
22 │ The defendant agrees not to raise any objections based on the passage of time with respect to such
23 │ counts including, but not limited to, any statutes of limitation or any objections based on the Speedy
24 │ Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as
25 │ of the date of this plea agreement. The determination of whether the defendant has violated the plea
26 │ agreement will be under a probable cause standard.

27 │     In addition, (1) all statements made by the defendant to the government or other designated law
28 │ enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

1    whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

2    administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

3    claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

4    Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

5    the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

6    By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

7         **E.    Forfeiture.**

8         The defendant agrees to forfeit to the United States voluntarily and immediately all of his right

9    title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. §§ 2428(b), 2461, and

10   2253.  Those assets include, but are not limited to, the following:  Fujitsu Lifebook Laptop, serial

11   number R7814429 with power cord.

12        The defendant agrees that the listed asset constitutes property used in the facilitation of, or were

13   otherwise involved in, a violation of 18 U.S.C. § 2422(b).  The defendant agrees to fully assist the

14   government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear

15   title to the United States.  The defendant shall not sell, transfer, convey, or otherwise dispose of any of

16   his assets, including but not limited to, the above-listed asset.

17        The defendant agrees not to file a claim to any of the listed property in any civil proceeding,

18   administrative or judicial, which may be initiated.  The defendant agrees to waive his right to notice of

19   any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a

20   claim in that forfeiture proceeding.

21        The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of

22   assets.  The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses

23   to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense,

24   and agrees to waive any claim or defense under the Eighth Amendment to the United States

25   Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States,

26   the State of California or its subdivisions.

27        The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any

28   defenses or defects that may pertain to the forfeiture.

PLEA AGREEMENT                           4

### III.      THE GOVERNMENT'S OBLIGATIONS

**A.      Dismissals.**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending indictment.  The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.D (Violation of Plea Agreement by Defendant/Withdrawal of Plea), and VII.B (Waiver of Appeal and Collateral Attack) herein.

**B.      Recommendations.**

      1.      Incarceration Range.

The government will recommend that the defendant be sentenced to the statutory mandatory minimum term, which is 120 months in prison.

      2.      Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.      Use of Information for Sentencing.**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV.      ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Attempted Enticement of a Minor in

violation of 18 U.S.C. § 2422(b):

First, the defendant intended to use a facility or means of interstate commerce to persuade or induce or entice or coerce an individual whom he believed to be under the age of 18 to engage in sexual activity for which a person could be charged with a criminal offense under California law;

Second, the defendant did something that was a substantial step towards committing that crime.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.   MAXIMUM SENTENCE

**A.   Maximum Penalty.**

The maximum sentence that the Court can impose is life in prison, a fine of $250,000, a term of supervised release of not less than five years but up to life, and a special assessment of $100.   The mandatory minimum for count two, Attempted Enticement of a Minor, 18 U.S.C. § 2422(b), is ten years imprisonment.

**B.   Violations of Supervised Release.**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to five additional years imprisonment.  However, if the defendant commits a new felony offense under Title 18 chapters 109A, 110, or 117, or under 18 U.S.C. §§ 1201 or 1591, the sentencing court must revoke the defendant's supervised release and sentence the defendant to a term of no less than 5 years to lifetime imprisonment.  See 18 U.S.C. § 3583(k) (2015).

## VI.   SENTENCING DETERMINATION

**A.   Statutory Authority.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant further understands that the Court will consider whether there is a basis for departure from the

PLEA AGREEMENT                                        6

guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.      Estimated Guideline Calculation.**

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office, or the parties:

1.     Base Offense Level:  The base offense level is 28 under U.S.S.G. § 2G1.3(a)(3).

2.     Specific Offense Characteristics:  Two levels are added for use of a computer under U.S.S.G. § 2G1.3(b)(3).

3.     Adjusted Offense Level:  The adjusted offense level is estimated to be 30.

4.     Acceptance of Responsibility:  See paragraph III.B.2 above

5.     Criminal History:  The parties estimate, but do not stipulate, that the defendant's criminal history category will be I.

6.     Sentencing Range:   The Guidelines Range is 120 months by operation of the mandatory minimum and U.S.S.G. § 5G1.1(b).

7.     Departures or Other Enhancements or Reductions:

**C.      Specific Sentence Agreement.**

The parties agree, pursuant to Rule 11(c)(1)(C), that they will recommend a sentence of 120 months incarceration in this case. This sentencing recommendation reflects both the statutory mandatory minimum and the applicable Guideline under U.S.S.G. § 5G1.1(b).

## VII.      WAIVERS

**A.      Waiver of Constitutional Rights.**

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be

1 | compelled to incriminate himself.

2 | **B.   Waiver of Appeal and Collateral Attack.**

3 | The defendant understands that the law gives the defendant a right to appeal his guilty plea,

4 | conviction, and sentence.  The defendant agrees as part of his plea, however, to give up the right to

5 | appeal the guilty plea, conviction, and the sentence imposed in this case.

6 | In addition, regardless of the sentence the defendant receives, the defendant also gives up any

7 | right to bring a collateral attack, including a motion under 28 U.S.C. §§ 2255 or 2241, challenging any

8 | aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

9 | Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever

10 | attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of

11 | the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.D.

12 | herein.

13 | **C.   Waiver of Attorneys' Fees and Costs.**

14 | The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-

15 | 119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

16 | investigation and prosecution of all charges in the above-captioned matter and of any related allegations

17 | (including without limitation any charges to be dismissed pursuant to this plea agreement and any

18 | charges previously dismissed).

19 | **D.   Sex Offender Registration.**

20 | Defendant understands that by pleading guilty, defendant will be required to register as a sex

21 | offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §

22 | 3583(d).  Defendant also understands that independent of supervised release, he will be subject to

23 | federal and state sex offender registration requirements, and that those requirements may apply

24 | throughout his life.  The defendant understands that he shall keep his registration current, shall notify the

25 | state sex offender registration agency or agencies of any changes to defendant's name, place of

26 | residence, employment, or student status, or other relevant information.  Defendant shall comply with

27 | requirements to periodically verify in person his sex offender registration information.  Defendant

28 | understands that he will be subject to possible federal and state penalties for failure to comply with any

1 such sex offender registration requirements.  If he resides in California following release from prison, he

2 will be subject to the registration requirements of California Penal Code § 290 et seq.  Defendant further

3 understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies

4 upon his release from confinement following conviction.  As a condition of supervised release,

5 defendant shall initially register with the state sex offender registration in California and shall also

6 register with the state sex offender registration agency in any state where defendant resides, is

7 employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with

8 all requirements of federal and state sex offender registration laws, including the requirement to update

9 his registration information.  Defendant shall provide proof of registration to the Probation Officer

10 within 72 hours of release from imprisonment.

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

PLEA AGREEMENT                              9

1

### VIII.    ENTIRE PLEA AGREEMENT

2        Other than this plea agreement, no agreement, understanding, promise, or condition between the

3    government and the defendant exists, nor will such agreement, understanding, promise, or condition

4    exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

5    counsel for the United States.

6

### IX.    APPROVALS AND SIGNATURES

7    **A.    Defense Counsel.**

8        I have read this plea agreement and have discussed it fully with my client.  The plea agreement

9    accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to

10   plead guilty as set forth in this plea agreement.

11   Dated:  7/14/17

12                                                        MICHAEL PETRIK
                                                         Attorney for Defendant
13

14

15   **B.    Defendant:**

        I have read this plea agreement and carefully reviewed every part of it with my attorney.  I
16
     understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully
17
     understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my
18
     case.  No other promises or inducements have been made to me, other than those contained in this plea
19
     agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.
20
     Finally, I am satisfied with the representation of my attorney in this case.
21
     Dated:  7/14/17
22
                                                         GEORGE HRISTOVSKI
23                                                       Defendant

24

25   ///

26   ///

27   ///

28   ///

1   **C.      Attorney for United States:**

2        I accept and agree to this plea agreement on behalf of the government.

3   Dated: 7/14/2017

                                        PHILLIP A. TALBERT
4                                       United States Attorney

5                                       _Michele Beckwith_
                                        _____
6                                       MICHELE BECKWITH
                                        Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT                          11

1

**EXHIBIT "A"**
**Factual Basis for Plea(s)**

2

3          Between in or around July 2014 and August 2014, the defendant posted an advertisement on the

4     "Casual Encounters" section of the Sacramento area Craigslist website.  The title said, "Looking for a

5     mother and daughter/step-daughter."  The text of the advertisement stated, in part:

6                    Maybe you are a mother with a younger daughter who is interested in
                    finding a man to teach your daughter. A man to show your daughter what
7                    your daddy showed you. We can teach her sex either together or
                    separately.......Mom, are you looking to teach your daughter about sex?
8                    Let me know what you want, easy, hard, Loving, forceful? Would you like
                    me to just lay there so you can explain men to her or do you want to
9                    punish her and show her how bad things could go without really putting
                    her in danger?......Let me know! I'm an attractive, well hung, experienced
10                   white older male and I am looking for a mother – daughter situation. I am
                    a daddy like mommy remembers."

11

12         An undercover officer ("UC") at the Placer County Sheriff's Office responded to this post,

13    posing as an adult woman named "Heather" with a 13-year-old daughter.  The defendant responded,

14    identifying himself as "Greg" and asked for photographs of "Heather" and her daughter.

15         Placer County exchanged multiple emails with the defendant while posing as "Heather."  In

16    these initial emails, the defendant sought to clarify exactly what he wanted from "Heather" and her

17    daughter and attempted to weed out law enforcement as well as others who might simply be seeking to

18    trade photographs.  During the course of these e-mails, the defendant switched from the anonymous

19    email system used by Craigslist to an address of bsexy469@yahoo.com.   During defendant's

20    conversations with "Heather," he described in explicit detail what he wanted to do to her and her 13-year

21    old daughter, including teaching her daughter how to have intercourse and give and receive oral sex.

22         Placer County then provided the defendant with a second undercover e-mail address, and stated

23    that it belonged to "Heather's" 13-year-old daughter, "Megan."  After receiving "Megan's" email

24    address, the defendant immediately began corresponding with her.  During those communications, he

25    told "Megan" that she looked sexy and more like a 17 or 18-year-old than a 13-year-old.  He also asked

26    "Megan" whether or not she had had sex yet, and he said that he would enjoy teaching her how to give

27    and receive oral sex and how to have intercourse.

28    ///

PLEA AGREEMENT                                    A-1

1    Based on these conversations, Placer County obtained a search warrant for records held by

2  Craigslist. Information from Craigslist showed that the initial post was created on July 14, 2014, at

3  09:37:18 PDT from IP address of 76.20.42.182. An internet search of that IP address showed that it is

4  owned by Comcast Cable Communications, Inc. Records from Comcast show that they are the

5  defendant's internet service provider.

6    Throughout the course of his emails with "Heather," the defendant sought sexually explicit

7  pictures of both "Heather" and her daughter. At one point he told "Megan" that she could slide her

8  bathing suit aside when she was at the pool and take photographs of her genitalia to send to him.

9    On or around July 31, 2014, the defendant asked "Heather" via email when she would have a

10  night off so that the three of them could "have some fun" together. He also inquired whether he and

11  "Megan" could have a night alone together. He suggested that they meet in Sacramento or San

12  Francisco. The defendant continued to describe in explicit detail the sexual acts he wished to perform

13  on "Megan," including manual and oral sex as well as sexual intercourse.

14    In additional emails, they discussed meeting on Wednesday, August 6, 2014. However, the

15  defendant ultimately wrote that that day did not work for him and suggested they try to meet the

16  following week.

17    Soon thereafter, agents executed a search warrant at defendant's house. Following the search of

18  the defendant's house, the defendant gave a *Mirandized* statement in which he confirmed that he had

19  been emailing "Heather" and her "13-year old daughter." He also admitted to soliciting sexually explicit

20  photographs from the 13-year-old on multiple occasions.

21  Dated:  7/14/17

22                                                    GEORGE HRISTOVSKI
                                                       Defendant

23

24

25                                                  M. Petrik

26

27

28

PLEA AGREEMENT                          A-2